**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**SAN ANGELO DIVISION**

| | | |
|---|---|---|
| **DON JOHNSON INVESTMENTS, LLC** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **GREAT LAKES INSURANCE SE,** | § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE SAM CUMMINGS:

Plaintiff, Don Johnson Investments, LLC, files this Original Complaint complaining of Great Lakes Insurance SE, and would show:

### PARTIES

1.      Plaintiff, Don Johnson Investments, LLC ("DJI"), is a Texas Series Limited Liability Company with its principal place of business in Brownwood, Texas. Series A, B, C, D, and E are listed as the insured on the Policy at issue. The property that is the subject of this lawsuit is located in Brownwood, Brown County, Texas.

2.      Defendant, Great Lakes Insurance SE ("Great Lakes"), is a Surplus Lines Insurer doing business in Texas, with its principal place of business located at Upper Group Floor 1 Minster Court Mincing Lane, London, England EC3R7-YH. It can be served with process through the Secretary of State or via Certified Mail c/o Drinker Biddle at 1177 Avenue of The Americas Floor 41, New York, NY 10036-2714.

### JURISDICTION AND VENUE

3.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(2) and 28 U.S.C. §§ 2201, 2202. Great Lakes is a foreign citizen. DJI is a citizen of Texas.

An actual controversy exists which arises from damage to DJI's real property in Brownwood, Texas. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district and the subject property is located in this Court's judicial district.

## FACTUAL BACKGROUND

5.      Plaintiff and Defendant entered into an insurance contract identified as Policy GRLP010501 to insure the properties located at 701 Coggin Ave., Brownwood, TX 76801.

6.      On or about May 18, 2017, the covered property was damaged by a catastrophic hail/wind storm. Plaintiff promptly reported a claim to Defendant and Defendant assigned the claim to Worley Group under claim number 2017-04789.

7.      On or about March 5, 2018, Great Lakes incorrectly determined through Worley Group that there existed no coverage for the claim because it determined the parts of the roofing system were "not damaged by hail" but that other parts of the roofing system suffered "cosmetic" damage.

8.      DJI responded to Worley's March 5, 2018 letter, disputing the conclusions as to coverage and the scope and extent of damage and demanding that the insurer participate in the contractually mandated appraisal process. In the same letter, DJI named its appraiser.

9.      In breach of the contract and its statutory duties, Great Lakes refused to participate in appraisal or to name a competent and disinterested appraiser.

10.     On November 26, 2018, counsel for DJI served Great Lakes via certified mail with a Texas Insurance Code compliant demand letter. DJI was also provided with a copy of the letter.

11.   Great Lakes has consistently refused to make meaningful attempts to investigate and resolve DJI's claim and has actively attempted to mischaracterize and wrongfully manipulate evidence to misrepresent the value of the claim, in violation of the Texas Insurance Code by:

a.   Misrepresenting coverage issues underlying the policy;

b.   Misrepresentation of the scope and value of damage items;

c.   Attempting to settle the claim without performing a full and adequate investigation of the loss;

d.   Refusing to acknowledge reports showing hail damage;

e.   Wrongfully denying the claim;

f.   Colluding with its adjusters and engineers to misstate the value and devalue the damages;

g.   Unreasonably delaying settlement offers despite the insurer's liability becoming reasonably clear;

h.   Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

i.   Misrepresenting that an investigation had been completed when it had not been completed;

j.   Making untrue statements of material fact about the scope and value of the damages;

k.   Failing within a reasonable time to affirm or deny coverage of a claim;

l.   Failing within a reasonable time to request inspections, proofs of loss, or any other items the insurer believed necessary to evaluate the claim;

m.   Failing to adopt and implement reasonable standards for the prompt investigation of claims under the policy;

n.  Refusing to participate in contractually mandated alternative dispute resolutions, including Appraisal;

o.  Compelling Plaintiff to institute a lawsuit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered; and

p.  Failing to timely pay claims.

12.     DJI has provided to Great Lakes all information necessary to pay the claim or to participate in Appraisal. All prerequisites under the Policy have been met.

13.     Great Lakes continues to refuse to pay the amounts owed under the Policy or participate in the Appraisal Process in breach of the insurance contract and its common law and statutory obligations.

## CAUSES OF ACTION

14.     **Breach of Contract.**   DJI incorporates the allegations of paragraphs 5-13 the same as if fully set forth herein. DJI and Great Lakes entered into an insurance contract. Plaintiff complied with all provisions of the insurance policy. Great Lakes breached a material provision of the contract by refusing to pay amounts owed under the insurance contract after a loss and refusing to participate in Appraisal. DJI was damaged by Great Lakes' breach.

15.     **Violations of the Texas Insurance Code.**   DJI incorporates the allegations of paragraphs 5-13 the same as if fully set forth herein. Great Lakes failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the claims when liability was reasonably clear in violation of Texas Insurance Code Section 541.060(a). Specifically, Great Lakes:

a.  Misrepresented to DJI material facts and policy provision related to coverage at issue, including but not limited to:

1)  Misrepresenting the cause of damage;

2) Misrepresenting that damage was excluded under the Policy when it was not;

3) Misrepresenting the nature of the damage;

4) Misrepresenting the definition of terms under the Policy;

5) Misrepresenting the scope and value of the damage;

6) Misrepresenting the insurer's obligation to investigate the claim;

7) Misrepresenting the insurer's obligation to pay the claim;

8) Misrepresenting the insurer's obligation to participate in the Appraisal process;

9) Misrepresenting the time frame in which the insurer was required to act under Texas Insurance Code chapter 542;

10) Misrepresenting the information and forms required to be provided by the insured and the timelines in which that information was to be requested by the insurer; and,

11) Misrepresenting coverage under the policy during both the underwriting and claims processes.

b. Performing unfair methods of competition and unfair and deceptive acts or practices, including but not limited to:

1) Making untrue statements of material fact, including statements about the amount of damage and coverage for damage;

2) Failing to state material facts necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

3) Making statements in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

4) Making a material misstatement of law; and

5)  Failing to disclose a matter required by law to be disclosed.

c.  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear, both before appraisal was initiated and after the appraisal award was issued;

d.  Failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the claim;

e.  Failing within the deadlines required under Texas Insurance Code chapter 542 to affirm coverage of the claim; and

f.  Refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

16.     These Unfair Settlement Practices caused direct damages to DJI which would not have been incurred absent Great Lakes' delays and misrepresentations. DJI is entitled to treble damages, court costs, and its attorney's fees pursuant to Texas Insurance Code 541.152.

17.     Further, Great Lakes committed unfair settlement practices in violation of Texas Insurance Code chapter 542 by:

a.  Failing to, within 15 days (or 30 days for a surplus lines insurer), request from DJI all items, statements, and forms that the insurer reasonably believes would be required, including information regarding other potential dates of loss and a sworn proof of loss (542.055);

b.  Failing to, accept or reject the claim within 15 business days within receipt of all requested information, statements, or forms timely requested (542.056);

c.  Failing to pay amounts due within 5 business days of receipt of the information necessary to pay the claim (542.057); and

    d.   Failing to pay the claim in whole within 75 days (90 days for a surplus lines insurer) after notice of the claim (542.058).

18.    Under Texas Insurance Code 542.060, Plaintiff is entitled to a 10% per annum penalty on the entirety of the amounts due under the Policy, starting at the earliest violation of chapter 542 and running until the date that the appraisal award is paid, as well as its attorney's fees and court costs.

## ATTORNEY'S FEES

19.    **Attorney's Fees.**  As a result of Great Lakes' failure to pay the amounts due and owing under the policy, DJI retained the undersigned counsel. DJI agreed to pay the undersigned counsel a reasonable fee. DJI is entitled to recover reasonable and necessary attorney's fees incurred in the prosecution of this action under Texas Civil Practice & Remedies Code chapter 38 and Texas Insurance Code sections 541.152 and 542.060.

## JURY DEMAND

20.    **Jury Demand.** DJI requests a jury.

## PRAYER

21.    DJI prays that Great Lakes be cited to appear and answer herein and upon hearing that DJI recover judgment against Great Lakes for the following:

    a.   Actual damages;

    b.   Attorney's fees for services rendered and that are allowed by law;

    c.   Post-judgment interest and costs;

    d.   Treble damages, and exemplary damages as allowed by law;

    e.   10% penalties and interest as allowed by law; and

    f.   All other relief to which Plaintiff may show itself entitled in law or in equity.

Respectfully Submitted,

/s/ Benjamin D. Doyle
BENJAMIN D. DOYLE
State Bar No.: 24080865
J. DAREN BROWN
State Bar No.: 24036271
**STOCKARD, JOHNSTON
BROWN & NETARDUS, P.C.**
1030 N. Western (79106)
P.O. Box 3280 (79116-3280)
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com
dbrown@sjblawfirm.com
**ATTORNEYS FOR PLAINTIFF**